IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KIMOTHY VINCENT, | : | |
| | : | C.A. No: K14C-05-013 RBY |
| Plaintiff, | : | In and For Kent County |
| | : | |
| v. | : | |
| | : | |
| HARRINGTON RACEWAY, INC., | : | |
| | : | |
| Defendant/Third-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MELISSA OLSEN, | : | |
| | : | |
| Third-Party Defendant. | | |

*Submitted: November 16, 2016*
*Decided: February 7, 2017*

*Upon Consideration of Defendant/Third-Party Plaintiff's*
*Motions in Limine*
GRANTED IN PART and DENIED IN PART

**ORDER**

Stephen A. Hampton, Esquire, Grady & Hampton, LLC, Dover, Delaware for Plaintiff.

Daniel L. McKenty, Esquire, Heckler & Frabizzio, Wilmington, Delaware for Defendant/Third-Party Plaintiff.

Young, J.

<u>**SUMMARY**</u>

Kimothy Vincent ("Plaintiff") filed a premises liability claim against Harrington Raceway, Inc. ("Defendant"). Defendant then filed a Third-Party Complaint against Melissa Olsen ("Third-Party Defendant") asserting that she was responsible for Plaintiff's alleged injuries. The Third-Party Defendant has since been dismissed by the stipulation. Defendant has filed four motions *in limine.* Defendant's first motion *in limine* moves this Court for an Order precluding all non-expert evidence, testimony, and argument concerning Plaintiff's allegations of defect. Defendant's second and third motions *in limine* move to exclude the proposed expert testimony of Joseph C. Vincent, D.C. and Michele Y. Holding, M.D. Defendant's fourth motion *in limine* moves to exclude all evidence, testimony, and argument concerning its policy limits, duration of coverage, insurance premiums, and the amount of insurance coverage available.

Defendant's Motion *in Limine* to Exclude All Evidence of Defect to the Jury is **GRANTED** because lay testimony regarding whether the barstool was a dangerous condition is improper opinion. Defendant's Motion *in Limine* to Exclude Plaintiff's Proposed Expert Testimony of Joseph C. Vincent, D.C. is **GRANTED** because Dr. Vincent's testimony is not based on sufficient facts or data. Defendant's Motion *in Limine* to Exclude Plaintiff's Proposed Expert Testimony of Michele Y. Holding, M.D. is **DENIED** because the expert report is based on sufficient facts, adequately considers alternate causes of Plaintiff's alleged injuries, and contains enough information to place Defendant on notice as to the basis for the expert opinion. Defendant's Motion *in Limine* to Preclude Evidence of Insurance Details to the Jury

2

is **GRANTED** because Delaware Rule of Evidence 411 does not permit evidence regarding insurance coverage.

## FACTS AND PROCEDURE

On May 25, 2012,[1] Plaintiff alleges that he sustained injuries in a fall at Defendant's first floor patio bar. This establishment, Plaintiff maintains, provides music, sells drinks, and allows dancing. Plaintiff asserts that the previous Third-Party Defendant leaned against his barstool while she allegedly was standing between his legs. He further attests that the chair portion of his barstool fell off of the seat portion of his barstool. After the chair portion allegedly failed, Plaintiff claims that he fell to the ground, and that the previous Third-Party Defendant landed on top of him. Plaintiff asserts that he had no reason to know of, and was unaware of, any defect in the barstool.

Plaintiff is prepared to offer at least two purported experts in support of his claim. First is Joseph C. Vincent, D.C. He wrote his report on July 23, 2014. In his expert report, Dr. Vincent states "today . . . [Plaintiff] denies any recent accidents or injuries and at this time offers nothing further."[2] Dr. Vincent's report also says "[Plaintiff] denies any previous accidents, illnesses or injuries involving his left arm,

---

[1] Please note that while the Complaint states that this is the date on which Plaintiff allegedly sustained injuries, the expert reports consistently state that the alleged injury occurred on May 20, 2012.

[2] Defendant/Third-Party Plaintiff Harrington Raceway, Inc.'s Motion *in Limine* to Exclude Plaintiff's Proposed Expert Testimony of Joseph C. Vincent, D.C. at Exhibit B, *Vincent v. Harrington Raceway, Inc.*, No. K14C-05-013 (Del. Super. Oct. 20, 2016).

cervical and thoracic spine."[3] Dr. Vincent asserts, in his report, that he did not maintain formal records for Plaintiff outside of Plaintiff's initial examination. The remainder of the report discusses Plaintiff's alleged injuries and provides an opinion with respect to causation of those alleged injuries.

Plaintiff's second expert is Michele Y. Holding, M.D. Plaintiff asserts that Michele Y. Holding, M.D. will testify "specifically that there was injury to [Plaintiff's] wrist and hand and that the charge for the test is a reasonable and customary charge."[4] Dr. Holding's report states that Plaintiff "is a 52-year-old right-handed man without previous medical history status post slip and fall 05/20/12."[5] Furthermore, Dr. Holding's report indicates that Plaintiff "is status post fracture of the left dorsal hand at 51 years old which was treated with a cast. . . ."[6] Additionally, this report makes recommendations for future care,[7] and reaches conclusions

---

[3] *Id.*

[4] Plaintiff's Response to Defendant/Third-Party Plaintiff Harrington Raceway, Inc.'s Motion *in Limine* to Exclude Plaintiff's Proposed Expert Testimony of Michele Y. Holding, M.D. at 1-2, *Vincent v. Harrington Raceway, Inc.*, No. K14C-05-013 (Del. Super. Nov. 8, 2016).

[5] Defendant/Third-Party Plaintiff Harrington Raceway, Inc.'s Motion *in Limine* to Exclude Plaintiff's Proposed Expert Testimony of Michele Y. Holding, M.D. at Exhibit B, *Vincent v. Harrington Raceway, Inc.*, No. K14C-05-013 (Del. Super. Oct. 20, 2016).

[6] *Id.*

[7] The relevant portion of the report reads "the patient will continue to follow up with Dr. Vincent and will continue the current therapeutic regime to achieve decreased pain, independent, safe ADL's, ambulation up and down one flight of steps and return to his premorbid functioning status both personally and for work." *Id.*

regarding Plaintiff's alleged injuries.[8]

Defendant contends that these reports contain false information. Defendant claims that Plaintiff was treated for a broken hand on August 19, 2012, when he was 52 years old.[9] Defendant provides medical records supporting this proposition. Moreover, Defendant asserts that Dr. Vincent testified, in his deposition, that his expert report was based on Plaintiff's first visit to his office on May 28, 2012.

Plaintiff filed the Complaint for this case on May 12, 2014. On June 10, 2014, Defendant filed a third-party Complaint against Third-Party Defendant. The parties stipulated as to the dismissal of Third-Party Defendant on October 17, 2016. Defendant filed the four instant motions *in limine* on October 20, 2016.

## DISCUSSION

### A. Lay Testimony Regarding Whether the Stool Was a Dangerous Condition is Not Admissible

Since whether a barstool constitutes a dangerous condition is a matter that is outside the understanding of a layperson, a layperson may not provide testimony relative to whether or not a given barstool constitutes a dangerous condition. Any evidence a layperson could offer regarding the level of danger with respect to the barstool would be irrelevant.

---

[8] The relevant portion of the report reads "this is a 52-year-old man status post slip and fall 05/20/2012 with the following diagnosis: 1) Incomplete injury to the left ulnar nerve at the level of the wrist consistent with the timing and mechanism of action of his slip and fall 05/20/12. 2) Cervical radiculopathy involving the left C5-C6 and bilateral C8-T1 nerve roots consistent with the timing of his slip and fall 05/20/2012. 3) Moderate bilateral carpal tunnel syndrome affecting both sensory and motor." *Id.*

[9] Plaintiff was born on May 27, 1960. *Id.*

Proof regarding the dangerous nature of it requires expert testimony, since such proof is outside the ordinary knowledge of a layperson, even though laypeople are familiar with the item itself. In *Cruz v. G-Town Partners, L.P.*, a plaintiff was injured when a sink fell from the bathroom wall in her apartment.[10] The Delaware Superior Court held that an expert had to testify as to the extent of the defendant's duty to inspect, repair, or replace the bathroom sink mountings.[11] As stated, though laypeople are familiar with sinks, testimony regarding the duty to inspect, repair, or replace a sink is beyond their knowledge level.[12]

Plaintiff makes two arguments counter to the above conclusion. The first is that the instant motion is a dispositive motion disguised as a motion *in limine*. Since the dispositive motion deadline in this case has passed, Plaintiff argues that this Court should not entertain Defendant's motion. The second is that there is a distinction between evidence of defect, needed in products liability cases, and evidence of whether a chair is unfit for a patron to sit on in a bar area does not require expert testimony.

With respect to the first argument, Delaware courts have decided motions *in limine* that were disguised dispositive motions and filed after the dispositive motion deadline.[13] As to Plaintiff's second argument, expert testimony is necessary to prove

---

[10] *Cruz v. G-Town Partners, L.P.*, 2010 WL 5297161, at *3-4 (Del. Super. Dec. 3, 2010).

[11] *Id.* at *14.

[12] *Id.*

[13] *Erhart v. Directv, Inc.*, 2012 WL 2367426, at *3 n.5 (Del. Super. June 20, 2012) (determining motion *in limine* filed after dispositive motion deadline though the motion was a

6

the defects alleged. Thus, Defendant's motion with respect to testimony regarding defect is **GRANTED**.

## B. Joseph C. Vincent, D.C.'s Expert Testimony Is Inadmissible Since it Is Not Based on Sufficient Facts or Data

Expert testimony must be based upon sufficient facts or data in order for it to be admissible.[14] Joseph C. Vincent, D.C.'s expert report does not consider Plaintiff's broken hand, from August of 2012, in reaching its conclusions. Thus, his conclusions are not based on sufficient facts or data.

When an expert does not demonstrate knowledge regarding a key component of her opinion, her testimony is not based upon sufficient facts or data.[15] In *Perry v. Berkley*, an expert concluded that the plaintiff's lumbar injuries were a result of an accident because, he contended, the plaintiff did not have pain prior to the accident.[16] In fact, the plaintiff was receiving treatment for lumbar issues at the time of her accident.[17] The Delaware Supreme Court held that the trial court properly excluded this expert's testimony.[18] It reasoned that the expert's opinion was based on an

---

disguised dispositive motion).

[14] D.R.E. 702.

[15] *Perry v. Berkley*, 996 A.2d 1262, 1270-71 (Del. May 11, 2010).

[16] *Id.* at 1265.

[17] *Id.*

[18] *Id.* at 1270-71.

inaccurate factual predicate.[19]

Similar to *Perry*, Dr. Vincent has not demonstrated knowledge of basic facts regarding his opinion. Dr. Vincent offers an opinion regarding causation. However, throughout his report, Dr. Vincent fails to acknowledge that Plaintiff broke his hand three months after his initial alleged injury. In so doing, Dr. Vincent failed to show basic awareness of another possible cause of Plaintiff's alleged injuries. Such an opinion on causation lacks the reliability that is the hallmark of admissible expert testimony.

Plaintiff's argument that Defendant does not have an expert is not pertinent. Plaintiff's expert's deficiency stands on its own. No opposing position is necessary. Defendant's motion with respect to Dr. Vincent's testimony is **GRANTED**.

## C.  Michele Y. Holding, M.D.'s Expert Testimony is Admissible

Defendant makes three arguments as to why this Court should exclude Dr. Holding's expert testimony. First, Defendant argues that Dr. Holding's testimony lacks the requisite factual basis to be admissible. Second, Defendant argues that Dr. Holding's testimony must eliminate other possible causes in order to be valid. Third, Defendant contends that Plaintiff did not provide an expert report containing information sufficient to permit Dr. Holding's testimony. Defendant's first argument fails because, even though it contains an inaccurate age at which Plaintiff broke his hand, Dr. Holding's expert report is based on sufficient facts. Defendant's second argument fails because experts do not have to eliminate alternate causes in order for

---

[19] *Id.*

their opinions to be valid, they simply have to have the ability to do so. Defendant's third argument fails because Dr. Holding's expert report adequately placed Defendant on notice as to the basis for her opinion.

## 1. Dr. Holding's Report Is Based on Sufficient Facts

As noted above, when an expert does not demonstrate knowledge regarding a key component of her opinion, her testimony is not based upon sufficient facts or data, and is, therefore, inadmissible.[20] In *Perry*, the expert reached a conclusion completely based on his inaccurate understanding of the facts. Unlike the expert in *Perry*, Dr. Holding misunderstood a fact that is not at the heart of her conclusions, namely, Plaintiff's age when he broke his hand. Dr. Holding's conclusions in the instant case are that Plaintiff has "incomplete injury to the left ulnar nerve at the level of the wrist consistent with the timing and mechanism of action of his slip and fall 05/20/12, cervical radiculopathy involving the left C5-C6 and bilateral C8-T1 nerve roots consistent with the timing of his slip and fall 05/20/2012, and moderate bilateral carpal tunnel syndrome affecting both sensory and motor." These conclusions may still be valid even though Dr. Holding misunderstood when Plaintiff broke his hand. That is a matter for cross-examination.

## 2. Experts Are Not Required to Eliminate Alternate Causes

Defendant erroneously relies on *Bowen v. E.I. duPont de Nemours and Company, Inc.* to assert that Dr. Holding must eliminate alternate causes, in her expert opinion, in order for the opinion to be admissible. In fact, *Bowen* stands for the

---

[20] *Id.*

proposition that experts must have the ability to eliminate alternate causes in opinions they provide.[21] In *Bowen*, an expert, who was not a geneticist, wanted to give an opinion regarding how the interaction between a certain gene and a chemical could cause injury.[22] The Delaware Superior Court held that the expert could not give such testimony, since he had no expertise with respect to genetics.

Dr. Holding satisfies any requirement in *Bowen*. While the expert in *Bowen* was completely unable to eliminate alternate causes of the injury, Dr. Holding maintains an ability to address to what extent the Plaintiff's broken hand contributed to his alleged injuries. The fact that Dr. Holding did not do so is not fatal.

### 3. Dr. Holding's Expert Report Adequately Placed Defendant on Notice

Litigants must produce expert reports that place other litigants on notice as to the basis of their testifying expert's opinions.[23] In *Watunya v. Siena*, a litigant produced notes of meetings with some notation of the plaintiff's physical complaints.[24] The Delaware Superior Court held that this production was not enough to equate to an expert report.[25] It reasoned that this production fell far short of the customary production, which normally included the basis for an expert opinion, a

---

[21] *Bowen v. E.I. duPont de Nemours and Co., Inc.*, 2005 WL 1952859, at *11 (Del. Super. May 9, 2005).

[22] *Id.* at *10-11.

[23] *Watunya v. Siena*, 2014 WL 4249677, at *2 (Del. Super. Aug. 27, 2014).

[24] *Id.* at *1.

[25] *Id.* at *2.

chronology of prior treatment, and a prognosis for future care, if any.[26]

Dr. Holding's report differs greatly from that in *Watunya*. While the report in *Watunya* included only the plaintiff's physical complaints and some notes of meetings, Dr. Holding's report provides recommendations for future care, an opinion, and detailed descriptions of the tests used to reach her conclusions. Because of the information included in Dr. Holding's report, the report satisfies the requirements of *Watunya*.

Defendant's motion with respect to Dr. Holding's report is **DENIED**.

### D. Delaware Rule of Evidence 411 Excludes Evidence of Insurance

Delaware Rule of Evidence 411 states "evidence that a person was or was not insured against liability is not admissible upon the issue of whether he acted negligently or otherwise wrongfully."[27] As Plaintiff concedes, this rule mandates that evidence, testimony, and argument concerning policy limits, duration of coverage, insurance premiums, and the amount of insurance coverage available are inadmissible. Under this rule, Plaintiff may not use this evidence, unless he uses it for a purpose other than showing that Defendant acted negligently or otherwise wrongfully. Defendant's motion is **GRANTED**.

### CONCLUSION

For the foregoing reasons this Court:

1) **GRANTS** Defendant/Third-Party Plaintiff's Motion *in Limine* to Exclude All

---

[26] *Id.* at *1.

[27] D.R.E. 411.

Evidence of Defect to the Jury;

2) **GRANTS** Defendant/Third-Party Plaintiff's Motion *in Limine* to Exclude Plaintiff's Proposed Expert Testimony of Joseph C. Vincent, D.C.;

3) **DENIES** Defendant/Third-Party Plaintiff's Motion *in Limine* to Exclude Plaintiff's Proposed Expert Testimony of Michele Y. Holding, M.D.; and

4) **GRANTS** Defendant/Third-Party Plaintiff's Motion *in Limine* to Preclude Evidence of Insurance Details to the Jury.

      **IT IS SO ORDERED**.

                            /s/ Robert B. Young
                                          J.

RBY/lmc
*Via File & ServeXpress*
cc:    Counsel
        Opinion Distribution